ORIGINAL

FILED
U.S. DIST. COURT
SAVANNAH DIV.
2007 SEP 21 A 6:55
CLERK
SO. DIST. GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ALVIN LAVON MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-130 |
| ) | |
| STATE OF GEORGIA, ) | |
| GEORGIA PORTS AUTHORITY, ) | |
| CALIFORNIA CARTAGE COMPANY, ) | |
| JEFF ANDREA, GEORGE GRANT, ) | |
| and JOHN DOE, ) | |
| ) | |
| Defendants.[1] ) | |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has requested permission to proceed without prepayment of a filing fee. As plaintiff is indigent, his application to proceed *in forma pauperis* is granted. But, for the reasons that follow, plaintiff's complaint must be dismissed sua sponte for failure to state a claim for relief.

---

[1] The State of Georgia enjoys the protection of Eleventh Amendment sovereign immunity, but as the complaint fails to allege any valid claims, a discussion of this principle is omitted.

On September 4, 2007, plaintiff filed a request to proceed without prepayment of the full $350.00 filing fee. Doc. 2. In addition to his request to proceed *in forma pauperis*, plaintiff explained the underlying facts that he submits form the basis of several claims, including an employment discrimination suit. The Court has carefully examined the papers submitted by the plaintiff in an attempt to discern a valid cause of action, but it has been unable to do so.

The right to proceed *in forma pauperis* in litigation in the federal district courts is provided for by statute. See 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. *In forma pauperis* status, rather, is a privilege which may be denied when abused. The *in forma pauperis* statute therefore authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to *sua sponte* dismiss *in forma pauperis* cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon,

baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Plaintiff's complaint presents a multitude of federal and state claims arising under the Equal Pay Act of 1963, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Constitution, and the laws of the State of Georgia. Doc. 1. The Court finds all of plaintiff's claims to be meritless.

Plaintiff's federal claims for discrimination in pay, free speech violations, and constitutional property right violations are entirely without merit. The complaint alleges that plaintiff was discriminated against in pay as he was paid less than defendant California Cartage Company's contract employees for performing the same work. Doc. 1. The Equal Pay Act prohibits discrimination in pay based on sex. 29 U.S.C. § 206(d). Plaintiff's complaint fails to demonstrate any sexual discrimination in pay but instead alleges that he received less pay than other male workers. Doc. 1. His contentions fail to state a claim for relief under the Equal Pay Act. Plaintiff's free speech and due process claims must also fail. The defendant

that allegedly violated all of these rights is a private actor. Plaintiff fails to demonstrate any state action in which to ground these claims. See U.S. Const. amend. I (prohibiting *Congress* from making laws abridging the freedom of speech); U.S. Const. amend. XIV (prohibiting *states* from depriving a person of liberty and property interests without due process).

Plaintiff's state law claims are equally meritless. The Court has jurisdiction over plaintiff's state law claims as he seeks damages against an out-of-state corporation in excess of $75,000 under 28 U.S.C. § 1332. Doc. 1. Plaintiff apparently alleges that defendant California Cartage Company's internal policies, along with certain statements made by the company's employees, created a binding employment contract.[2] Doc. 1. These allegations fail to make out a cause of action for breach of contract under Georgia law. Plaintiff does not point to any contractual language specifying a time frame for employment. Id. Absent such language, state law requires a finding that plaintiff's employment was at will, and it could therefore be terminated by either party for any reason. Jenkens v. Georgia

---

[2] Note that at all relevant times, plaintiff appears to have been employed by Tandem Staffing, not defendant California Cartage Company, yet plaintiff insists that he had entered into a valid employment contract with defendant. Doc. 1.

Dept. of Corrections, 279 Ga. App. 160, 161 (Ga. Ct. App. 2006). In Georgia, oral promises to modify at-will employment relationships are not enforceable. Balmer v. Elan Corp., 278 Ga. 227, 230 (Ga. 2004).

Plaintiff also contends that he was wrongfully discharged for his opposition to other co-worker's actions, along with the alleged inequality of pay. Doc. 1. As he has no First Amendment or Equal Pay Act claim, these arguments are meritless. The federal employment discrimination laws prohibit invidious discrimination on the basis of race, gender, age, disability and other protected criteria, none of which plaintiff invokes in his complaint. A generic claim that plaintiff was treated unfairly is insufficient to state a claim upon which relief may be granted.

Plaintiff's remaining claims are conclusory, merely stating that "defendants deprived plaintiff of his property interest in violation of the Fourteenth Amendment; intentionally inflicted emotional distress upon him; instituted an outrageous manner of discharge; and violated protected rights of the plaintiff." Id. These allegations fail to meet required pleading standards. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 1964–65. Plaintiff's conclusory statements clearly fail the mandatory pleading requirements of the federal rules.

Plaintiff's allegations and complaint fail to state a claim for which relief can be granted. Accordingly, this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 21st day of September, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ALVIN LAVON MOORE,

    Plaintiff,

v.

STATE OF GEORGIA,
GEORGIA PORTS AUTHORITY,
CALIFORNIA CARTAGE COMPANY,
JEFF ANDREA, GEORGE GRANT,
and JOHN DOE,

    Defendants.

Case No. CV407-130

## **ORDER**

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ALVIN LAVON MOORE, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. CV407-130 |
| STATE OF GEORGIA, GEORGIA PORTS AUTHORITY, CALIFORNIA CARTAGE COMPANY, JEFF ANDREA, GEORGE GRANT, and JOHN DOE, | ) |
|     Defendants. | ) |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA